IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No 18-cr-00429-WJM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

   1.  MYKHAEL KUCIAPINSKI,
   2.  KEVIN KUCIAPINSKI,
   3.  RANDOLPH STIMAC,

       Defendants.

---

## MOTION FOR A TWO WEEK CONTINUANCE OF THE ARRAIGNMENT AND DISCOVERY CONFERENCE

---

Defendant Mykhael Kuciapinski (the "Defendant"), by and through James Nicholas Boeving of Wheeler Trigg O'Donnell, LLP, hereby requests that the Court continue the date of the Defendant's arraignment by two (2) weeks for the reasons stated below.

1.      A Grand Jury has charged the Defendant with one count of conspiracy to commit procurement fraud in violation of 18 U.S.C. § 371; seven (7) counts of procurement fraud in violation of 41 U.S.C. § 2102(b); and one count of making a false statement to the Government in violation of 18 U.S.C. § 1001. [*See* Dkt. No. 1.]

2.      Defendant made her Initial Appearance on October 5, 2018, at which time the Defendant was held pending a Detention Hearing. [*See* Dkt. No. 16.]

3.      The Detention Hearing was held on October 10, 2018. [Dkt. No. 27.] At that hearing, undersigned counsel noted for the record that his representation was a limited representation pursuant to D.C.COLO.LAttyR 5(a).

4.      At the conclusion of the Detention Hearing, the Court ordered Defendant released subject to various conditions stated on the record and pending an investigation by Pretrial Services of the home where Defendant resides. Defendant was held pending the results of that investigation. [*See id.*]

5.      A Bond Release hearing was held on October 12, 2018, at which time the Court was informed of the results of the investigation by Pretrial Services and Defendant was released on certain conditions. [*See* Dkt. Nos. 41-43.] The Court, at counsel's request, also continued the Defendant's arraignment until October 23, 2018. [*See* Dkt. No. 41.]

6.      Since her release, Defendant has spoken to multiple private attorneys about their willingness to represent her in this matter and under what conditions.

7.      The Defendant has also worked to secure funds so that she can retain private counsel going forward.

8.      Undersigned counsel understands that Defendant has secured the necessary funds and plans to retain different private counsel (Pamela Mackey of Haddon, Morgan and Foreman); the counsel of Defendant's choosing. Undersigned counsel further understands that the retainer check is being delivered to Defendant's new counsel on the day of the scheduled arraignment. This check may take up to ten business days (*i.e.* two weeks) to clear, after which time undersigned counsel understands that new counsel will file a notice of appearance.[1]

_____

[1] Undersigned counsel plans to move to withdraw from representation once the Defendant has obtained other private counsel or moved for the appointment of counsel. Undersigned counsel has already obtained the consent of all other parties to withdraw from this matter; undersigned counsel delayed filing the motion to withdraw to permit the Defendant time to evaluate whether she could retain private counsel or needed to request appointment of counsel. In the unlikely event that private counsel cannot be retained, a motion for the appointment of counsel under the Criminal Justice Act will be promptly filed.

9.      This brief extension is necessary to permit the Defendant time to secure the services of the aforementioned counsel.

10.     Moreover, this extension is in the interest of justice as it would permit the Defendant's counsel who will ultimately represent her going forward to appear at the arraignment and address the significant discovery issues in this matter.[2]

11.     For the foregoing reasons, the Defendant respectfully requests that the Court continue the arraignment for two (2) weeks to permit the Defendant to retain new private counsel as described above.

12.     Undersigned counsel conferred with the prosecutor, AUSA Jeremy Sibert, regarding the instant request and the Government objects to the request. Undersigned counsel left voicemails with co-defendants' counsel requesting a return call but did not hear back from them prior to the instant filing.

13.     Undersigned counsel will be prepared to discuss this request at the arraignment.

---

[2] As noted in the Discovery Conference Memorandum and Order for co-defendant Kevin Kuciapinski, this matter involves extensive document disclosures. [*See* Dkt. No. 49.] This case will include, *inter alia*, substantial electronic discovery, numerous prior court transcripts, and surveillance evidence.

Dated:  October 22, 2018                    Respectfully submitted,

*s/ James Nicholas Boeving*
James N. (Nick) Boeving (#48573)
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202
(303) 244-1800
(303) 244-1879
boeving@wtotrial.com

*Attorney for Mykhael Kuciapinski*

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on October 22, 2018, I electronically filed the foregoing **MOTION FOR A TWO WEEK CONTINUANCE OF THE ARRAIGNMENT AND DISCOVERY CONFERENCE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

> Jeremy Sibert
> Assistant United States Attorney
> U.S. Attorney's Office
> 1801 California Street, Suite 1600
> Denver, CO 80202
> Telephone: (303) 454-0100
> Fax: (303) 454-0402
> Jeremy.Sibert@USDOJ.GOV
> *Counsel for the United States*
>
> James Lord
> Glade Voogt Lord & Smith
> 1800 N. Gaylord St.
> Denver, CO 80206
> Email: jlord@gvlslaw.com
>
> Kenneth Mark Harmon
> Glade Voogt Lord & Smith
> 1800 N. Gaylord St.
> Denver, CO 80206
> Email: kharmon@gvlslaw.com
> *Counsel for Defendant Kevin Kuciapinski*
>
> Jennifer Lynn Gedde
> Jennifer L. Gedde, LLC
> 2696 South Colorado Boulevard
> Suite 455
> Denver, CO 80222
> Email: jennifer@geddelaw.com
> *Counsel for Defendant Randolph Stimac*

> *s/ James Nicholas Boeving*
> James Nicholas Boeving