**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 18-cr-429-WJM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.     **MYKHAEL KUCIAPINSKI,**
2.     **KEVIN KUCIAPINSKI,**
3.     **RANDOLPH STIMAC,**

      Defendants.

---

**ORDER DENYING MOTION FOR DISCLOSURE OF
GRAND JURY COLLOQUY AND INSTRUCTIONS**

---

The Government variously charges Defendants with conspiracy to commit procurement fraud (18 U.S.C. § 371), participation by an executive branch employee in a matter affecting the employee's financial interest (18 U.S.C. § 208), unlawful disclosure of procurement information (41 U.S.C. § 2102(a)), unlawful receipt of procurement information (41 U.S.C. § 2102(b)), and concealment of a material fact from a government official (18 U.S.C. § 1001).

Previously, the Court authorized the Government to disclose to Defendants the transcripts of testimony given before the grand jury, and accompanying exhibits.  (ECF No. 112.)  Currently before the Court is Defendants' Joint Motion for Early Disclosure of Grand Jury Colloquy and Instructions.  (ECF No. 145.)  Defendants thus seek the only portions of the grand jury materials that have not yet been disclosed to them.  The Government opposes.  (ECF No. 153.)

To protect the independence of the grand jury, and to encourage forthrightness in grand jury proceedings, those proceedings are usually kept secret. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399–400 (1959). "It does not follow, however, that grand jury [materials] should never be made available to the defense." *Id.* at 400. Nonetheless, the defendant bears the burden demonstrate "a particularized need" that "outweighs the policy of secrecy." *Id.* (internal quotation marks omitted).

Defendants say they have a particularized need because, in their view, "[t]he grand jury materials . . . provided to date leave sincere doubt as to whether the grand jury was instructed as to <u>all</u> essential elements of the crimes charged." (ECF No. 145 at 8 (underscoring in original).) Specifically, they believe that the grand jury may not have been instructed about the need to consider whether procurement information was exchanged for a thing of value or for competitive advantage, about the proper *mens rea* for the crimes charged, and about the difference between lawful and unlawful communication with the government official when pursuing a government contract. (*Id.* at 8–11.)

Defendants say they need the colloquy transcript and the jury instructions because, without them, they "will not be able to effectively investigate possible constitutional challenges to the grand jury process, including whether the grand jurors were informed of all necessary elements for the crimes charged." (ECF No. 145 at 11.) But Defendants apparently do not believe that the colloquy and instructions will *confirm* their theories. Rather, Defendants believe the withheld materials "may show that there is *no need* for the defense to file certain motions," because those materials may show that the jury was properly instructed. (*Id.* (emphasis added); *see also id.* at 8 ("It is

possible, however, that the Government instructed the grand jury on these elements or explain the need for such findings during colloquy and instructions.").)

The Court appreciates Defendants' desire to minimize motion practice, but Defendants do not cite, nor could the Court locate, any case holding that Defendants' desire to know whether an undisclosed portion of the grand jury materials *undermines* a theory of grand jury misconduct is a "particularized need," much less a particularized need sufficient to overcome the presumption of secrecy. If Defendants suspect that the disclosed portions of the grand jury materials show misconduct meriting dismissal of the indictment, and if the Government is unwilling to agree to disclose other grand jury materials that could conceivably dispel the suspicion, the answer is to file a motion to dismiss the indictment and force the Government's hand (assuming the Government has any cards to play).

A motion to dismiss the indictment would also have the salutary effect of properly framing the "particularized need" standard in these circumstances. Dismissal of an indictment based on alleged failings in the grand jury process is difficult to obtain. *See, e.g.*, *United States v. Buchanan*, 787 F.2d 477, 487 (10th Cir. 1986) ("An indictment may be dismissed for prosecutorial misconduct so flagrant that there is some significant infringement on the grand jury's ability to exercise independent judgment. [¶] Challenges going only to the instructions given to the grand jury as to the elements of the offenses are not grounds for dismissal of an indictment that is valid on its face." (citation omitted)). A motion to dismiss the indictment could therefore assist the Court in determining whether the alleged failings are *prima facie* egregious enough that further disclosure of grand jury materials might be warranted.

But whether Defendants move to dismiss the indictment or not, they have failed to state a particularized need for the grand jury colloquy and instructions. Accordingly, Defendants' Joint Motion for Early Disclosure of Grand Jury Colloquy and Instructions (ECF No. 145) is DENIED.

Dated this 27th day of June, 2019.

BY THE COURT:

_____
William J. Martinez
United States District Judge